| ¶ CARTER, wdJ.,
Concurring in Part and Dissenting in Part.
I agree with the majority opinion that under the existing law, autopsy reports prepared by the coroner in his official capacity as coroner pertaining to deceased persons are public records under the Louisiana Public Records Law. LSA-R.S. 44:1 et seq.
However, because of the very sensitive nature of many such reports, the legisla *40 ture should provide special conditions, restrictions, and safeguards for the release of these public records. Until the legislature, in its wisdom, provides some special safeguards for autopsy reports pertaining to deceased persons by a coroner in his official capacity, we are constrained to order their production under LSA-R.S. 44:31 et seq., regardless of the requestor’s reasons for seeking the records.
I disagree with the majority opinion insofar as it remands the case to the trial court for a determination of costs and attorney’s fees to be awarded plaintiff. I do not believe that the coroner was acting arbitrary, capricious, or unreasonable in failing to respond to a request for these very sensitive autopsy records of Bree Gomez Hull and Cassandra Brielle Hull. Therefore, I respectfully dissent from the majority holding that plaintiffs are entitled to costs and attorney’s fees under the particular facts of this case.